UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW L. MERCADO,

                    Plaintiff,

          -against-

SING SING CORRECTIONAL FACILITY, ET
AL.,

                    Defendants.

25-CV-4726 (LTS)

ORDER TO SHOW CAUSE
UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Green Haven Correctional Facility, filed this action *pro se*. On August 1, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court directs Plaintiff, within 30 days, to show cause by declaration why it should not hold that he is barred from filing actions IFP, while he is a prisoner, under the Prison Litigation Reform Act's three-strikes provision. *See* 28 U.S.C. § 1915(g).

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following "three-strikes" provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff, while a prisoner, accumulated three "strikes" under the PLRA, and he is therefore barred under Section 1915(g) from filing IFP. *See Mercado v. Kitsos*, No. 22-CV-1529 (LTS) (S.D.N.Y. May 16, 2022) (dismissing complaint, after granting Plaintiff leave to replead, for failure to state a claim on which relief may be granted); *Mercado v.*

*Town of Goshen*, No. 20-CV-5389 (LLS) (S.D.N.Y. Sept. 22, 2020) (same), *appeal dismissed*, No. 20-3402 (2d Cir. Mar. 29, 2021) (dismissing appeal because it lacked "an arguable basis either in law or in fact.").

Because Plaintiff is barred under Section 1915(g), he must either pay the filing fee or allege facts demonstrating that he is "under imminent danger of serious physical injury." *See* Section 1915(g). The complaint, however, does not set forth allegations that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that during his incarceration at Sing Sing Correctional Facility, where he is no longer in custody, Defendants tampered and interfered with his legal mail, in retaliation for filing a lawsuit against the New York State Department of Corrections and Community Supervision.

### NOTICE AND OPPORTUNITY TO BE HEARD

The United States Court of Appeals for the Second Circuit favors providing to *pro se* litigants notice and opportunity to be heard before issuing a decision that is harmful to their interest. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore directs Plaintiff, within 30 days, to show cause by declaration why his IFP status should not be revoked, and his case dismissed without prejudice, because he has filed three or more cases while a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim. If Plaintiff's declaration does not show sufficient cause, or if he fails to respond to this order, the

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Court will revoke the grant of IFP status, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[1] If the Court enters a bar order, it will be effective as of the date of this order.

## CONCLUSION

The Court directs Plaintiff, within 30 days, to show cause by declaration why the Court should not revoke the grant of IFP status, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  November 24, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[1] Plaintiff is not barred from filing a new case by prepaying the filing fee. Even if Plaintiff commences a new action by paying the filing fee, however, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Plaintiff is also cautioned that any vexatious litigant may be barred from filing any future action in this Court, without first obtaining leave of Court, pursuant to the Court's general authority under 28 U.S.C. § 1651(a). *See In re Martin-Trigona*, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____        _____
Executed on (date)                Signature

_____        _____
Name                              Prison Identification # (if incarcerated)

_____        _____
Address              City                State        Zip Code

_____        _____
Telephone Number (if available)   E-mail Address (if available)