UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW L. MERCADO,

Plaintiff,

-against-

SING SING CORRECTIONAL FACILITY,
ET AL.,

Defendants.

25-CV-4726 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Eastern Correctional Facility, filed this

action *pro se*, with an application for leave to proceed *in forma pauperis* ("IFP"). In the

complaint, Plaintiff alleged that, during his incarceration in the Sing Sing Correctional Facility,

Defendants interfered with his mail. (ECF 1.) By order dated August 1, 2025, the Court granted

Plaintiff leave to proceed IFP. (ECF 6.)

Thereafter, the Court discovered that, while Plaintiff was a prisoner, he had filed three or

more federal civil actions that were dismissed as frivolous, malicious, or for failure to state a

claim. *See Mercado v. Kitsos*, No. 22-CV-1529 (LTS) (S.D.N.Y. May 16, 2022) (dismissing

action, after granting Plaintiff leave to replead, for failure to state a claim on which relief may be

granted); *Mercado v. Town of Goshen*, No. 20-CV-5389 (LLS) (S.D.N.Y. Sept. 22, 2020) (same),

*appeal dismissed*, No. 20-3402 (2d Cir. Mar. 29, 2021) (dismissing appeal because it lacked "an

arguable basis either in law or in fact."). Plaintiff is therefore barred under the three-strikes

provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing federal civil

actions IFP as a prisoner, unless he is under imminent danger of serious physical injury.

Plaintiff's complaint, alleging interference with mail at a correctional facility where he is

no longer in custody, does not suggest that he is under imminent danger of serious physical

injury. Accordingly, by order dated November 25, 2025, the Court ordered Plaintiff to show cause within 30 days why he should not be barred under Section 1915(g) from filing further federal civil actions IFP while he is a prisoner. Plaintiff filed a declaration on December 22, 2025, and a letter on February 4, 2026, but these submissions do not provide sufficient reason not to recognize Plaintiff as barred under Section 1915(g).

## CONCLUSION

The Court finds that while Plaintiff has been a prisoner, he filed three or more federal civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why he should not be recognized as barred under 28 U.S.C. § 1915(g), the Court recognizes Plaintiff as barred, under Section 1915(g), from filing federal civil actions IFP while he is a prisoner unless he is under imminent threat of serious physical injury. The Court also warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

Accordingly, the Court vacates its previous order granting Plaintiff's request to proceed IFP. (ECF 6.) Moreover, for the same reason, the court dismisses this action without prejudice.[1] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    February 11, 2026
             New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3