UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW MERCADO,

                    Plaintiff,

          -against-                                    25-CV-4726 (LTS)

SING SING CORRECTIONAL FACILITY, ET                    ORDER
AL.,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Eastern Correctional Facility, filed this action

*pro se*. On February 11, 2026, the Court dismissed the complaint because Plaintiff is barred,

under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from

filing federal civil actions IFP as a prisoner, unless he is under imminent danger of serious

physical injury.[1] Plaintiff submitted to the Court a letter, dated March 6, 2026, asking the Court

to reconsider its determination that he is barred, asserting that the three-strikes provision is

unconstitutional, and that he has not "yet exhausted or waived his appeals in all those cases."

(ECF 15 at 1.) On March 17, 2026, Plaintiff filed a notice of appeal.

The Court liberally construes his letter as a motion to alter or amend judgment under Fed.

R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and as a motion for

relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See*

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v.*

---

[1] In its order, the Court noted that Plaintiff did not allege that he was in imminent danger of serious physical injury. In his complaint, Plaintiff alleged that during his incarceration at Sing Sing Correctional Facility, where he was no longer incarcerated, Defendants interfered with his legal mail in retaliation for filing a lawsuit against the New York State Department of Corrections and Community Supervision.

*Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A.    Jurisdiction

Because Plaintiff has filed a notice of appeal, and because his appeal is pending, the Court must address whether it has jurisdiction to consider his motion for reconsideration. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A federal district court retains jurisdiction, however, to deny a motion for reconsideration while an appeal is pending. *See Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *see also Jin Zhao v. State Univ. of N.Y.*, 613 F. App'x 61, 62 (2d Cir. 2015) (summary order) ("[E]ven after an appeal is filed, a 'district court can entertain and *deny*' a Rule 60(b) motion." (citation omitted)). The Court therefore has jurisdiction to consider Plaintiff's motion notwithstanding his filing of a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

### B.    Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Notwithstanding Plaintiff's argument, the Second Circuit has upheld the constitutionality of the three-strikes provision of Section 1915(g). *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007). Additionally, Supreme Court precedent dictates that a case can count as a strike if dismissed on strike grounds, even if it is pending on appeal at the time the plaintiff files a new action. *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) (holding that courts must count a dismissal as a strike even though it remains pending on appeal). To the extent that any of Plaintiff's cases are on appeal, it was not improper for the Court to count them as strikes.

**C.      Motion For Reconsideration Under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in

a judgment, within . . . (14) days after the entry of the judgment." *Id.*

For the reasons stated, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**D.    Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

4

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."
*Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

For the reasons stated in this order, Plaintiff's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion pending at ECF 15.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 30, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge